UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC LEADERSHIP COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION NO. 05-1067 (JGP) |

**JOINT STATEMENT**

    Counsel for Plaintiff and Defendant respectfully submit this Joint Statement regarding the scheduling of the above-captioned case.

1.    Statement of the Case

    <u>Plaintiff's Statement of the Case</u>: This case is an action for the recovery of federal income tax and interest assessed and collected.

    In 1986, the Democratic Leadership Council, Inc. ("DLC") was recognized by the IRS as an exempt organization under I.R.C. § 501(c)(4). Since that time, the DLC has operated under this exemption as a policy organization, in the manner represented in its Application for Recognition of Exemption.

    In 2002 and 2003, the IRS revoked DLC's exemption under § 501(c)(4) for the taxable years 1997, 1998, and 1999. The revocations were based entirely on an allegation that DLC "primarily benefited affiliated New Democrat elected officials, with a secondary benefit to the Democratic Party, rather than primarily benefiting the community as a whole." The IRS did not contend that the revocation was based on direct or indirect participation or

intervention in political campaigns on behalf of or in opposition to any candidate for public office.

The IRS assessed, and the DLC paid, a total of $5,664.45 federal income tax for taxable year 1997; $7161.96 for taxable year 1998; and $7276.50 for taxable year 1999. Plaintiff contends that the revocation of its tax-exempt status was erroneous and illegal under the Internal Revenue Code; that it was in violation of the First Amendment of the United States Constitution; and that it was in violation of the Fifth Amendment of the United States Constitution. It seeks the award of the amount paid, plus accrued interest.

<u>Defendant's Statement of the Case</u>: In this tax refund action, the Democratic Leadership Council ("DLC") seeks a refund of income taxes assessed and collected by the Internal Revenue Service as a result of the Service's revocation of the DLC's tax exempt status under Section 501(c)(4) of the Internal Revenue Code (26 U.S.C.) for the years 1997, 1998, and 1999. The amounts at issue are $5,644 (for the 1997 year), $7,162 (for the 1998 year), and $7,277 (for the 1999 year), or $20,083, plus interest.

A tax refund suit is a *de novo* proceeding, not a review of the administrative record. The plaintiff-taxpayer bears the burden of proof, including the burden of going forward and the burden of persuasion. *Sara Lee Corp. v. United States*, 29 Fed. Cl. 330, 334 (Ct. Cl. 1993). The plaintiff has the burden "specifically to show not merely that the assessment was erroneous but also the amount to which he is entitled." *Helvering v. Taylor*, 293 U.S. 507, 514 (1935); *Lewis v. Reynolds*, 284 U.S. 281, *modified*, 284 U.S. 599 (1932). The plaintiff "must first rebut the presumption of correctness associated with any determination made by the Commissioner ...." *Sara Lee Corp.*, 29 Fed. Cl. at 334 (citing *United States v. Janis*, 428 U.S. 433 (1976)). The plaintiff "then must prove the exact dollar amount of the alleged overpayment to which it claims a refund." *Id.* at 334. The role of the court in a tax refund suit is to determine the correct tax liability of the taxpayer based on the facts and law in that

particular case, not with reference to any other taxpayer. *See e.g.*, *Penn-Field Industries, Inc. v. Comm'r*, 74 T.C. 720, 722 (1980).

To qualify for tax exempt status under Section 501(c)(4), a civic organization must be "not organized for profit but operated exclusively for the promotion of social welfare." 26 U.S.C. § 501(c)(4). The regulations provide that "[a]n organization is operated exclusively for the promotion of social welfare if it is primarily engaged in promoting in some way the common good and general welfare of the people of the community. An organization embraced within this section is one which is operated primarily for the purpose of bringing about civic betterments and social improvements." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(i). With regard to political activities, the regulations provide that "[t]he promotion of social welfare does not include direct or indirect participation or intervention in political campaigns on behalf of or in opposition to any candidate for public office." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(ii).

The DLC is not an organization "operated exclusively for the promotion of social welfare" under the statute and regulations. The Service properly revoked the DLC's tax exempt status under section 501(c)(4). The DLC is not entitled to a refund of any amounts in this case.

2. There are no pending motions.

3. The parties do not anticipate any amendments to their pleadings.

4. Neither party wishes this case to be assigned to a Magistrate Judge for all purposes.

5. Given that this case concerns the revocation of tax status, settlement is highly unlikely.

6. The parties do not believe the case can benefit from alternative dispute resolution procedures.

7. The parties believe that the case may possibly be resolved on summary judgment. The parties have agreed that motions for summary judgment shall be filed on May 1, 2006;

oppositions to motions for summary judgment shall be filed on June 1, 2006; and replies shall be filed on June 15, 2006.

8. The parties shall make initial disclosures as required by Fed. R. Civ. P. 26(a)(1). Initial disclosures shall be exchanged on or before September 12, 2005.

9. The discovery contemplated includes up to ten (10) depositions per party. The parties shall retain the right to seek additional depositions as the case may warrant. Depositions shall be limited to seven (7) hours in accordance with Fed. R. Civ. P. 30. The parties agree to two sets of interrogatories of no more than twenty-five (25) each, including subparts. Non-expert discovery shall be completed by January 31, 2006, unless otherwise ordered by the Court.

10. Expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on February 28, 2006. Depositions and discovery of experts shall be completed by March 31, 2006.

11. The parties do not believe that discovery or the trial need be bifurcated or managed in phases.

12. Due to the potential to resolve this matter via summary judgment, the parties do not believe that setting a date for a pretrial conference is necessary at this time.

13. The parties believe that setting a firm trial date is not necessary at this time, and that the Court should provide that a trial date be set at a later status hearing.

Dated: August 24, 2005

/s/
Robert F. Bauer (D.C. Bar No. 938902)
Marc E. Elias (D.C. Bar No. 442007)
Ezra W. Reese (D.C. Bar No. 487760)
PERKINS COIE
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2011
(202) 628-6600

Attorneys for Democratic Leadership Council, Inc.

|  |  |
|---|---|
| Dated: August 24, 2005 | _____/s/_____<br>Michael Martineau (D.C. Bar No. 938902)<br>Trial Attorney, Tax Division<br>U.S. DEPARTMENT OF JUSTICE<br>P.O. Box 227<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 307-6483<br><br>Attorney for the United States of America |