IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DEMOCRATIC LEADERSHIP COUNCIL,
INC.,

        Plaintiff,

  v.

UNITED STATES,

        Defendant.

No. 1:05-cv-1067 (JGP)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
EXTEND NON-EXPERT DISCOVERY DEADLINE**

      Plaintiff Democratic Leadership Council, Inc., by and through its undersigned counsel, opposes Defendant United States of America's motion to amend the scheduling Order to extend the deadline for the completion of non-expert discovery from January 31, 2006, to March 31, 2006.

      This Court's scheduling Order, entered on September 8, 2005, was the product of a Meet and Confer Statement jointly agreed to by both parties. The parties agreed that non-expert discovery would end on January 31, 2006, so that this matter could move expeditiously to expert discovery matters and then to summary judgment motions. Since the parties' agreement, nothing outside of Defendant's control has changed that warrants an alteration to that agreement.

      Defendant complains that Plaintiff produced 11,767 pages of documents in response to Defendant's document production request. But that document request was entirely within Defendant's control. Defendant's request listed twenty-three separate categories, and

included broad swaths of documents such as "All documents reflecting the type of your activities . . . during the years 1997, 1998, and 1999" and "All documents reflecting the amount and/or type of expenses you incurred in connection with your activities in the years 1997, 1998, and 1999."  Defendant cannot now complain because its overbroad request has produced more documents than it anticipated.  Moreover, considering Defendant's resources, examining five boxes of documents should not prove a heavy burden.

Defendant also complains that Plaintiff has served "an extensive document production request" on the Defendant.  This is irrelevant; the request was served on Defendant on November 2, 2005, and requested a response within 30 days of service.  Defendant's document production in response to this request should already have been completed; Defendant will not be aided by an extension of the overall discovery deadline.

Finally, extending the discovery deadline would unfairly prejudice Plaintiff.  Motions for summary judgment are due on May 1, 2006.  The purpose of the current schedule is to permit time after the close of discovery to review documents uncovered in response to discovery requests and to prepare motions.  By moving the non-expert discovery deadline forward two months, Plaintiff would have only half the time available under the current schedule.  Plaintiff would prefer not to move all deadlines forward two months, which would entail unnecessary delay.

The original schedule reflects the result of a negotiated agreement between Plaintiff and Defendant.  No good cause exists to disturb that agreement.  Plaintiff respectfully requests that this Court decline Defendant's motion.

Respectfully Submitted,

Dated: December 6, 2005

                                                                                     _____
Robert F. Bauer (D.C. Bar No. 938902)
Marc E. Elias (D.C. Bar No. 442007)
Ezra W. Reese (D.C. Bar No. 487760)
PERKINS COIE
607 Fourteenth Street, N.W.
Washington, D.C.  20005-2011
(202) 628-6600

Attorneys for Democratic Leadership Council, Inc.