IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC LEADERSHIP COUNCIL, INC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | NO. 1:05-cv-1067 (JGP) |

**MOTION TO STRIKE DECLARATION OF TAYLOR LINCOLN**

Plaintiff Democratic Leadership Council, Inc. moves that this Court strike Defendant's Declaration of Taylor Lincoln.

1. Defendant submitted the Declaration of Taylor Lincoln to support Defendant's Motion for Summary Judgment.

2. Defendant did not name Lincoln in its Rule 26(a)(1) Initial Disclosures.

3. Defendant did not name Lincoln in its answer to Plaintiff's Interrogatory 6, which requested Defendant to "[i]dentify every person having knowledge of facts you deem relevant to your contention that Plaintiff, during the years 1997, 1998, or 1999, primarily benefited New Democratic elected officials or the Democratic Party."

4. Defendant did not name Lincoln as a proposed expert witness under Fed. R. Civ. P. 26(a)(2), as required by this Court's Scheduling Order.

5. Plaintiff was not made aware of Lincoln's role in this case at all until Defendant's Motion for Summary Judgment was filed.

6. Even now, Defendant does not appear to be submitting Lincoln as an expert witness under Federal Rule of Evidence 702.

7. In any case, Lincoln may not serve as an expert witness, because he is merely testifying as to the content of documents; such testimony does not require the input of an expert witness. *See id.*

8. Plaintiff has not had an opportunity to depose Lincoln.

9. Lincoln's declaration relies almost exclusively on evidence not submitted into the record in this case.

10. Lincoln's declaration relies almost exclusively on evidence which has not been authenticated or identified.

11. Because Lincoln is not an expert witness, he may not testify to any fact he did not perceive under Federal Rule of Evidence 701.

12. Lincoln has no first-hand knowledge of the matters to which he testifies.

WHEREFORE, Plaintiff respectfully prays that the Declaration of Taylor Lincoln be stricken.

Respectfully Submitted,

Dated August 15, 2006         _____/s/_____
                              Robert F. Bauer (D.C. Bar No. 938902)
                              Marc E. Elias (D.C. Bar No. 442007)
                              Ezra W. Reese (D.C. Bar No. 487760)
                              PERKINS COIE LLP
                              607 Fourteenth Street, N.W.
                              Washington, D.C.  20005-2011
                              (202) 628-6600

                              Attorneys for Democratic Leadership Council, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC LEADERSHIP COUNCIL, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CIVIL ACTION NO. 05-1067 (JGP) |

### CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Democratic Leadership Council's Motion to Strike Declaration of Taylor Lincoln was made on August 15, 2006 via the Court's electronic case management system, to:

> Michael Martineau
> Tax Division
> U.S. Department of Justice
> P.O. Box 227
> Washington, DC 20044

And via first-class United States mail, to:

> Kenneth L. Wainstein
> United States Attorney
> United States Attorney's Office for the District of Columbia
> 555 4th Street NW
> Washington, DC 20530
>
> David A. Hubbert
> Tax Division
> U.S. Department of Justice
> P.O. Box 227
> Washington, DC 20044

Respectfully Submitted,

Dated: August 15, 2006            _____/s/_____
Robert F. Bauer (D.C. Bar No. 938902)
Marc E. Elias (D.C. Bar No. 442007)
Ezra W. Reese (D.C. Bar No. 487760)
PERKINS COIE
607 Fourteenth Street, N.W.
Washington, D.C.  20005-2011
(202) 628-6600

Attorneys for Democratic Leadership Council, Inc.